## The Camden Horse-Railroad Company

*v.*

## The Citizens Coach Company.

The public right to use a horse-railroad track in the streets of a city for vehicles, incidentally in traveling through the streets, does not authorize a transportation company to use it in competition with the railroad company.

Bill for injunction.    On order to show cause.

*Mr. D. J. Pancoast,* for complainants.

*Mr. A. C. Scovel,* for defendants.

The Chancellor.

The complainants were incorporated by act of the legislature, approved March 26th, 1866, (*P. L.* 1866, p. 640.) By their charter they were empowered to construct, use, operate and maintain a horse-railroad, with the necessary turnouts through and along certain streets of the city of

---

Note.—That another horse-railroad company has the right to use such track by the authority of the legislature, see *Metropolitan R. R. Co.* v. *Quincy R. R. Co.,* 12 *Allen* 262. Common vehicles may be used on a horse-railroad track, when not occupied by the cars; the company's exclusive right only exists while its cars are passing.    *J. C. & B. R. Co.* v. *J. C. & H. R. Co.,* 5 *C. E. Gr.* 61, 71; *Heegan* v. *Eighth Ave. R. R. Co.,* 15 *N. Y.* 380; *Wilbrand* v. *Eighth Ave. R. R. Co.,* 3 *Bosw.* 314; *Barker* v. *Hudson River R. R. Co.,* 4 *Daly* 274; *Jatho* v. *G. & C. R. R. Co.,* 4 *Phila. Rep.* 24.    So, pedestrians may use such track in the same manner as

Camden, and to demand and receive compensation for the transportation of passengers and property thereon. By a supplement passed in 1868, (*P. L.* 1868, p. 638,) the franchise was extended to certain other streets in the city. Subsequently, and in 1875, the defendants became incorporated under the provisions of the " act concerning corporations," for the purpose of carrying passengers, goods and merchandise, in coaches, in and about the city of Camden, for compensation, and from about the time when they were incorporated they have been conducting that business in Camden accordingly.

The complainants' bill is filed to restrain them from using the complainants' railroad track with their coaches, in the pursuit of their business of carrying passengers for hire in and about the city. The defendants, by their answer, while they deny that they have used the track to the prejudice of the use thereof by the complainants, insist that they have the right to drive their coaches, in pursuit of their business, upon the rails of the complainants' railroad when they are not occupied by the complainants. Though the railroad track is, by the charter, required to be of the breadth of the wagon track established by law, and to be, in all cases, level with the surface or face of the street on which it is laid; and although the general public have a right to use the track for passage thereon with vehicles, when not occupied by the complainants, that right does not extend, and could not reasonably be extended, to the defendants, as carriers of passengers or property, in competition with the complainants. If it were, it would obviously render the complainants' franchise of but little, if any, value. The

---

any other part of an ordinary highway. *Shea* v. *Portrero R. R. Co.*, 44 *Cal.* 414; *Unger* v. *Forty-second St. R. R. Co.*, 51 *N. Y.* 497; and see *Shea* v. *Sixth Ave. R. R. Co.*, 62 *N. Y.* 180. As to the liability of a traveler or driver who, going in advance of a car, refuses to turn out of the track when requested, see *Commonwealth* v. *Temple*, 7 *Gray* 69; *Adolph* v. *Central Park R. R. Co.*, 1 *Jones & Spencer* (*N. Y.*) 186. As to a temporary obstruction while unloading a wagon standing across the track, see *State* v. *Foley*, 31 *Iowa* 527.—REP.

defendants, a competing transportation company, would, in fact, be enabled, without cost, to reap all the advantages of the railroad laid and maintained at the expense of the complainants. A right to use the track for the purpose of competition with the railroad company, differs essentially from the incidental right to use it in traveling through the street. *Brooklyn Cen. R. Co.* v. *Brooklyn City R. Co.,* 32 *Barb.* 358; *Jersey City and Bergen R. Co.* v. *Jersey City and Hoboken H. R. Co.,* 5 *C. E. Gr.* 61; *Rar. and Del. Bay R. Co.* v. *Del. and Rar. Can. Co.,* 3 *C. E. Gr.* 546. The railroad company should be protected against the interference with their rights of which they complain.

The order to show cause will be made absolute.